William L. BERTNICK and Irene B. Bertnick, Plaintiffs,

v.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

No. 68-C-22-R.

United States District Court, W. D. Virginia, Roanoke Division.

Feb. 7, 1972.

Barry N. Lichtenstein, Robert P. Dwoskin, Benton O. Dillard, Roanoke, Va., for plaintiffs.

T. H. Kemper, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for defendant.

WIDENER, District Judge.

## OPINION

The plaintiffs, while residents of the State of Georgia, purchased real estate, a home, in Muskogee County by deed dated August 29, 1958. The conveyance was subject to a deed to secure indebtedness against the property in favor of Cooperative Federal Savings and Loan Association dated June 10, 1955. Cooperative Federal Savings and Loan Association is the same as Home Federal Savings and Loan Association, the defendant here.

The plaintiffs later moved to Virginia. After they moved, the holder of the indebtedness felt that plaintiffs were not keeping up the payments due on the indebtedness against the property, and at least by 1966 foreclosure proceedings were instituted. The plaintiffs here filed a suit against the defendant here in the Superior Court of Muskogee County, Georgia, seeking a permanent and temporary injunction against the sale of the property, against declaring the entire balance of the indebtedness secured by the property to be due, against the defendant continuing to breach the terms of a promissory note secured by the property, and for other relief. In that suit, the Bertnicks alleged that they were not in arrears in payments on the note, that the holder of the indebtedness had refused to accept payments on the note, that there was a mutual departure from the terms of the deed securing the indebtedness, and, in general terms, the plaintiffs placed in issue in the suit in Georgia all substantive matters concerning the foreclosure itself which they have here pleaded. A final judgment in the case in the Superior Court of Muskogee County, Georgia, entered April 23, 1969, found all the issues against the plaintiffs, recited that all issues between the parties were moot, recited that all the contentions of the plaintiffs in the case had been adversely decided to them, and entered final judgment in favor of the defendant, from which there was no appeal. The plaintiffs had failed to receive the temporary relief requested in the Georgia court by an order entered May 31, 1966. The property was sold under foreclosure by the defendant by deed dated June 7, 1966.

While the suit in Georgia was pending, the plaintiffs, in 1968, sued the defendant in this court. The allegations of the suit in this court are not different in any significant particular from the allegations in the suit in Georgia, except that here the plaintiffs claim $3,619.77 actual damages for the improper sale of their Georgia property and $100,000.00 damages for injury to their health and well being, and apparently for punitive damages, saying the acts of the defendant in foreclosing on their property were willful, malicious, improper, and illegal. The court notes that the order denying temporary relief in the case in the Georgia Superior Court recited that both of the plaintiffs testified in that court. The suit here alleges that the issues are whether the terms of the contract were waived, whether or not cash payments made on the property were credited, whether payments of insurance and taxes made by the plaintiffs were credited, whether advertising of the sale was proper, and whether interest paid was properly credited, all on account of the secured indebtedness. Of course, the other issue is whether the acts of the defendant were so willful, malicious, improper, and illegal that plaintiffs may recover here for damages other than their claimed actual loss of $3,619.77. The defendant has denied all material allegations of the

complaint, has filed pleas of *res adjudicata* and estoppel by judgment on account of the judgment of the Superior Court of Muskogee County, Georgia, and has made a motion to transfer the case to the Columbus Division of the United States District Court for the Middle District of Georgia.

In response to an order of the court, the plaintiffs have listed as witnesses, besides themselves, two sisters of Mrs. Bertnick and a minister, who claim to know of an error in the account and Mrs. Bertnick's loss of health; a physician who knows of Mrs. Bertnick's condition; two ladies who know that she was nervous and upset and lost weight; and a certified public accountant who made an audit of the account and can testify concerning claimed improper crediting of the account. These witnesses are residents of Virginia.

The plaintiffs claim that they are not bound by the judgment of the Superior Court of Muskogee County in the suit which they initiated there because of highly technical Georgia procedural questions too lengthy to bear repetition here in detail.

The defendant lists 10 witnesses, all obviously from Georgia, including officers and employees of the defendant, witnesses as to the value of the property, local tax officials, insurance company officials, officers of the defendant's depository, and a certified public accountant.

It is apparent, from examining the respective lists of witnesses, that all of the witnesses on both sides of the question who have any firsthand knowledge of the facts concerning the foreclosure itself are from Georgia. It is also noted that, presuming plaintiffs may recover as they have claimed, the recovery itself, on all aspects of the case, as contrasted to damages, must be based on the testimony of persons who are all residents of Georgia, with the sole exception of the accountant who has been employed in Virginia and the plaintiffs.

Whether or not to transfer an action under 28 U.S.C. § 1404 rests in the discretion of the district court. Akers v. Norfolk and Western Railway Company, 378 F.2d 78 (4th Cir. 1969); Southern Railway Co. v. Madden, 235 F. 2d 198 (4th Cir. 1956) cert. den. 352 U. S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244. The plaintiffs' choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Morehead v. Barksdale, 263 F.2d 117 (4th Cir. 1959).

28 U.S.C. § 1404 provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This case involves at least the following determinations, all of which must be decided under Georgia law:

(a) Assuming the judgment is valid, the effect of the suit in the Superior Court of Muskogee County, Georgia upon this proceeding as a plea of *res adjudicata* or estoppel by judgment.

(b) Whether, under Georgia procedure, the suit in the Superior Court of Muskogee County would bind the plaintiffs because of claimed procedural defects in that suit.

(c) The matter of computation of interest.

(d) The legality of advertisement of sale.

(e) The question of waiver of the terms of the contract.

(f) The question of whether or not the claimed payments were made.

(g) The question as to whether the plaintiffs' account was properly credited with insurance and tax payments.

(h) The question as to whether or not the plaintiffs are entitled to recover

any amount in excess of their claimed money loss of $3,619.77.

While it is true that the courts of one district must be presumed to be as able and as well qualified to handle litigation as those in another, Clayton v. Warlick, 232 F.2d 699 (4th Cir. 1956), Carbide and Carbon Chemicals Corporation v. United States Industrial Chemicals, Inc., 140 F.2d 47 (4th Cir. 1944), the court cannot ignore the fact that the expense and time involved in ascertaining Georgia law on all issues would be greatly increased should the court not exercise its discretion to transfer the case. As stated in Gulf Oil Corporation, 330 U.S. at p. 509, 67 S.Ct. at p. 843:

> "[T]here is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Consideration should also be given to judicial familiarity with the governing laws and the relative ease and practicality of trying the case in the alternate forum. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

In this connection, the court notes particularly that the effect of the litigation in the Superior Court of Muskogee County is questioned in two respects. First, are the plaintiffs bound by it so as to be subject to a plea of res adjudicata or estoppel by judgment? Second, is the judgment of the Superior Court of Muskogee County invalid for failure to comply with Georgia procedural law? In both of these respects, a district court in Georgia is far better equipped than is a district court in Virginia to solve these knotty questions.

While the Gulf Oil case was not decided upon § 1404(a), the subsection "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. . . ." Reviser's Note to 28 U.S.C. A. § 1404. 28 U.S.C. § 1404(a) is not a mere codification of forum non conveniens. The Supreme Court has indicated that the codification did not change relevant factors, but gave courts broader discretion to grant transfers upon a lesser showing of inconvenience. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S. Ct. 544, 99 L.Ed. 789 (1955).

As to the sum of $3,619.77 sought in the pleadings, all of the documentary evidence concerning the transaction is located in Georgia. The source of proof is, therefore, plainly more accessible there. The plaintiffs have listed six possible witnesses they desire to call. Among those listed is one Virginia auditor who examined the Bertnicks' account. The remaining witnesses will offer testimony primarily related to the effect of the defendant's conduct upon the health of Mrs. Bertnick. Only one of these is a physician who could give a professional opinion. On the other hand, the defendant has listed ten possible witnesses, all from Georgia. These witnesses would include officers and employees from the defendant company, employees from the tax offices, insurance company, and bank, who would purportedly testify as to the propriety of the defendant's actions about which the plaintiffs complain.

The decision to transfer this case is not based solely upon sheer mathematical numbers of witnesses, nor their geographical location. However, the practical situation does exist that the evidence to be produced in this case is located almost wholly in Georgia, and the court finds as a fact that Georgia is where the trial can more easily, expeditiously and inexpensively proceed. This is, therefore, an important consideration in the transfer of the case. Gulf Oil Corporation, 330 U.S. at p. 508, 67 S.Ct.

839. The relative ease and practicality of trying this case in Georgia, as contrasted with Virginia, is obvious, and are proper matters to be considered in assessing convenience and fairness. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

In General Tire and Rubber Company v. Watkins, 373 F.2d 361 (4th Cir. 1967), cert. den. Firestone Tire & Rubber Co. v. General Tire & Rubber Co., 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967), the court declared that a suitor has no legally protected interest in having his action tried in any particular federal court, except insofar as transfer may handicap his presentation of the case or add to the costs of the trial. The transfer of this case to Georgia will plainly both expedite the proceedings and reduce the cost of the trial.

The decision to transfer this case should not delay the processing of the plaintiffs' claim due to the transfer, since the record reveals that they have had counsel in Georgia for the state court action.

■ To summarize, the court is of opinion to transfer the case on account of the following:

At least eight questions of Georgia law, including two technical procedural questions, must be decided; no questions of Virginia law exist in the case; all or almost all of the documentary evidence exists in Georgia, not in Virginia; the vast majority of witnesses reside in Georgia; it is much more inconvenient for the defendant to try the case in Virginia than for the plaintiffs to try the case in Georgia; the trial can much more easily, expeditiously and inexpensively proceed in Georgia; and the plaintiffs are in no significant way handicapped by presenting their case in a district court in Georgia.

An order is this date entered consistent with this opinion.