### In the Matter of DISTRIBUTORS WAREHOUSE, INC., Debtor.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Oct. 19, 1979.

Harlan Stone Hertz, Cleveland, Ohio, for debtor.

L. David Shear, Tampa, Fla., for debtor.

Jack H. Zinkow, Orlando, Fla., for Pan Am. Bank of Ohio.

Chad W. Browne, Tampa, Fla., for General Motors Corp.

## ORDER ON OBJECTION TO MOTION TO TRANSFER PROCEEDING

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is an arrangement proceeding and the matter under consideration is a Motion to Transfer the entire arrangement proceeding to the Northern District of Ohio. The Motion to Transfer was filed not by a creditor, which is usually the case, but by the Debtor itself, Distributors Warehouse, Inc. (the Debtor). The only objection to the transfer, which is the matter under consideration, is interposed by an admittedly fully secured creditor of the Debtor, the Pan American Bank of Orlando (Pan American). Pan American is fully secured at this time

albeit it is intimated that it might end up to be an unsecured creditor although there is nothing before this Court at this time which would warrant such finding. On the contrary, it appears and it is without dispute that the Debtor is current on its contractual obligations with Pan American and has made in the past and as far as it appears, will be able to make in the future, all monthly payments it is obligated to make under its contract with Pan American.

The record further reveals and is without dispute that the Debtor never was and is not physically present in Ohio; never maintained or maintains now, an office in Ohio; has no assets in Ohio and does not do any business in Ohio. The principal place of business of the Debtor is in this district; all of its books and records are located in this district; and its entire management is physically in this district.

The schedules filed with the petition indicate that the Debtor has eight secured creditors, two of which are located in Florida and one of the secured creditors is located in each of the following states: Georgia, Michigan, Washington, Massachusetts and New York. The schedule of unsecured debts indicates 52 creditors, out of which 11 are located in Florida; 8 are located in Illinois; 4 each in Pennsylvania and Michigan; 3 each in Texas, Tennessee, North Carolina, and New Jersey; 2 each in Georgia and Missouri and Connecticut, one each in Colorado, New York and Indiana. Only 4 of the unsecured creditors are located in Ohio out of the total 52 unsecured creditors.

The original motion to transfer was filed on September 6, 1979 on the same date this Court entered an order and directed the transfer of the proceeding, but provided that the transfer shall not be effective unless the creditors are given an opportunity to object to the transfer within 10 days from the date of entry of the order. The record further reveals that Pan American and General Motors Corporation—AC–DELCO Division both filed an objection to the transfer, but General Motors Corporation later withdrew its objection.

It further appears that on September 13, 1979, at the request of the Debtor, the creditors held a meeting in Ohio under the guidance of Manufacturers Credit Representatives, Inc., a credit clearing house of the automotive trade, and at that meeting the creditors formed an informal seven member committee made up of the following:

Joseph Coleman—Maremont Corporation, Ruth Bloedel—Borg-Warner Corporation, L. E. Kenny—American Hammered Div., Sealed Power, Duward Cain—Hastings Manufacturing Co., Herbert Garson—Wagner Electric Corporation, Joseph Slater—Northern Petrochemical Co., and Pat Zeisler—Dana Corporation.

The application to transfer the proceeding is based on the Debtor's contention that Manufacturers Credit Representatives, Inc., the credit agency for the Trade Association of Motor Vehicle Parts is located in Cleveland, Ohio and since the cooperation of this credit agency is indispensable to a successful effectuation of an arrangement proceeding, which would be in the best interest of the Debtor and according to the application, also the creditors, to transfer the proceedings to the Northern District of Ohio would be appropriate.

This is the factual background which is without dispute against which this Court must consider the applicable legal principles which govern transfer of cases and decide whether to grant or deny the motion to transfer.

The transfer of cases under Chapter XI is dealt with by Bankruptcy Rules which provides in pertinent part as follows:

Rule 11–13. VENUE AND TRANSFER.

(b) Transfer of Cases; Dismissal or Retention When Venue Improper; Reference of Transferred Cases. Bankruptcy Rule 116(b) and apply in Chapter XI cases.

Bankruptcy Rule 116 provides in pertinent part as follows:

Rule 116. VENUE AND TRANSFER.

(b) Transfer of Cases; Dismissal or Retention When Venue Improper (1) When

542

Venue Proper. Although a petition is filed in accordance with subdivision (a) of this rule, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct in the interest or justice and for the convenience of the parties, transfer the case to any other district. The transfer may be ordered at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion.

■ There is no question that whether or not the transfer is granted is a matter of discretion and especially when the initial venue is proper, there is no right to a transfer and the transfer should not be granted except when certain factors are established. As stated by the District Court in a case involving an identical question, before a transfer is granted, a court must:

". . . look at certain determinative factors: (1) proximity of creditors of every kind to the court; (2) proximity of the bankrupts to the court; (3) proximity to the court of the witnesses necessary to the administration of the estate; (4) location of the assets; and (5) the economic and efficient administration of the estate." *In re Triton Chemical Corp.*, 46 F.Supp. 326 (D.Del.1942) at page 329.

To the same effect are *In re Kerr's, Inc.*, 253 F.Supp. 742 (S.D.N.Y.1966); 2A Collier on Bankruptcy, Para. 32.02[1] (14th Ed. 1975) and cases collected there.

■ Before a Motion to Transfer is granted, the Rule requires that the Court should be satisfied that the transfer shall serve the interest of justice. "The interest of justice" is a concept not easily defined with precision, but it is generally considered that the interest of justice is best served at the place in which significant contacts occurred and where the transfer would not increase the cost of the proceeding, or where the transfer would not delay the consummation of the arrangement proceeding. *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247 (S.D.N.Y. 1974).

It is also recognized that in determining whether to transfer in the interest of justice, consideration should be given to judicial familiarity with governing laws. *Van Dusen v. Barrack*, 376 U.S. 612, 645, 84 S.Ct. 805, 11 L.Ed.2d 945 (1963); *Bertnick v. House Federal Savings & Loan Ass'n.*, 337 F.Supp. 968, 971 (W.D.Va.1972).

■ Applying the foregoing legal principles to the matter under consideration, it is evident that this record would not permit any other conclusion but one which is that none of the factors recited above are present and it would not be proper to grant the application to transfer the proceeding. The fact that the unofficial creditors' committee is in favor of the transfer, the fact that credit organization of the trade association which represents the prime supplier of the Debtor are located in Ohio does not detract from the validity of this conclusion. It is apparent that none of the representatives of the creditors' committee are located in the Northern District of Ohio and almost, if not all, have proper representation in Florida. Moreover, the fact that it might be more convenient for the creditors' committee to have this case transferred to Ohio is of no consequence and it would in fact, establish a very dangerous precedent. If creditors' committees would be permitted to select the venue in an arrangement proceeding, it would completely thwart the venue provision of the Rules. The fact that, as in this instance, the transfer is sought by the Debtor is without significance since it is evident that the Debtor is always at the mercy of the creditors' committee and the creditors' committee would not have any difficulty to prevail on the Debtor to seek a transfer by exerting economic pressure on the Debtor in distress. It is argued, however, by the Debtor that Pan American is fully secured and may even be completely taken out by a new loan which the Debtor is now negotiating with another lending institution, thus its interest would be unaffected if the case was transferred. This is an over-simplification of the problem necessary resulting from the transfer.

■ The order which authorized this Debtor to do business requires the Debtor to file operating reports which would include the report of inventory and receivables, both of which are pledged as collateral to Pan American. While it is true that no adversary proceeding has developed with Pan American, until Pan American is fully satisfied, it has an absolute right to police its collateral which could be done easily if the case remains in Florida, but would certainly create some difficulties and definitely cause additional expenses if the case is transferred to the Northern District of Ohio. A transfer of these proceedings to the Northern District of Ohio, would impose an unwarranted financial burden not only on Pan American but on the Debtor since all books and records of the Debtor are in Florida in this district and all the officers of the Debtor are in Florida who would be, by necessity, required to travel repeatedly to Cleveland, which is a burden this Debtor can ill afford. It is well established that the relative accessibility of the business records and books of account and other documents of the Debtor and creditors must be taken into consideration when one considers a request to transfer. *Thomas v. United States Lines, Inc.*, 371 F.Supp. 429, 432 (E.D.Pa.1974); *Levine v. Financial Programs, Inc.*, 318 F.Supp. 952 (S.D.N.Y.1969); *In re Kerr's, Inc.*, supra. The fact that the sole remaining objection is a secured creditor, is without significance since the factors which govern transfer when a venue is proper includes requiring the Court to consider the proximity of creditors of *every kind* (emphasis supplied). *In re Bankers Trust*, 403 F.2d 16 (7th Cir. 1968).

Considering the foregoing, this Court is satisfied that the application to transfer shall not be granted. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the objection to transfer filed by Pan American, be and the same, is hereby sustained and the previous order entered on September 6, 1979 directing the transfer of the case, be and the same, is hereby vacated and set aside. It is further

ORDERED, ADJUDGED AND DECREED that the first meeting of creditors shall be scheduled forthwith pursuant to Bankruptcy Rule 11–25a(1)(2).