**GLAMORGAN COAL CORP., Plaintiff,**

v.

**RATNERS GROUP PLC,**
**et al., Defendants.**

Civ. A. No. 92–108–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Oct. 7, 1993.

Stephen M. Hodges, Penn, Stuart, Eskridge & Jones, Abingdon, VA, Michael Willis Smith, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, W. Challen Walling, Penn, Stuart, Eskridge & Jones, Bristol, VA, and Carla Powers Herron, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for plaintiff.

Ford Carter Quillen, Gate City, VA, Julie C. Ross, Greg A. Danilow, Weil, Gotshal & Manges, New York City, David Gordon Fiske, Michael J. Wendorf, Shaw, Pittman, Potts & Trowbridge, Alexandria, VA, Robert F. Mullen, Vicki Share Fleiss, Cravath, Swaine & Moore, Robinson B. Lacy, David A. Heiner, Jr., Sullivan & Cromwell, New York City, and Thomas Alan Leggette, William B. Poff, Faith Mary Wilson, and Kevin Philip Oddo, Woods, Rogers & Hazlegrove, P.L.C., Roanoke, VA, for defendants.

### MEMORANDUM OPINION

TURK, District Judge.

Presently before the Court are defendant Goldman, Sachs & Company's Rule 12(c) motion for judgment on the pleadings and for a stay of discovery pending resolution thereof, and all defendants' joint motion for transfer of venue pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York, or, in the alternative, to the Charlottesville Division pursuant to 28 U.S.C. § 1404(b). After careful consideration of the legal memoranda, affidavits and arguments of counsel at oral hearing, the Court concludes for the reasons discussed below that it should transfer this case to New York without ruling on Goldman, Sachs' 12(c) motion. The Court will, however, stay discovery from Goldman,

Sachs pending resolution of this motion by the transferee Court.

## I.

This action was initiated by Glamorgan on July 19, 1992, after certain Ratners' issued auction preferred stock it had purchased became illiquid. The stock issue was underwritten by defendants First Boston and Goldman, Sachs & Co. Plaintiff purchased the stock through First Boston. Plaintiff seeks relief under various federal and state securities laws, constructive fraud, breach of fiduciary duty and breach of contract for rescission and damages resulting from its purchase of these securities. The material part of its complaint is that defendants fraudulently omitted or misrepresented essential items from Ratners' Private Placement Memorandum, upon which plaintiff relied when purchasing the securities.

Plaintiff is a Virginia corporation with its headquarters in the Big Stone Gap Division of the Western District of Virginia. Plaintiff is a wholly owned subsidiary of Amvest, a corporation headquartered in the Charlottesville Division of this District. The securities in issue were purchased from the Amvest Office in Charlottesville. Plaintiff has alleged no material connection between the purchase of securities and its headquarters in the Big Stone Gap Division.

Defendant Ratners' is a United Kingdom company with its financial operations office in London. Although Ratners owns jewelry stores throughout the United States, including Virginia, there is no connection between Ratners' alleged misrepresentations and Virginia. Ratners' chief witness, C.F.O. Gary O'Brien, resides in England. The Court takes notice that it is considerably more convenient to travel from London to New York than to Big Stone Gap.

Defendants First Boston and Goldman, Sachs & Co. have their main offices in New York City; neither has an office in Virginia.

Both firms prepared the initial offering and private placement memorandum in New York and London. Although First Boston communicated via telephone and mail with the plaintiff in Virginia, Goldman, Sachs has no Virginia connection to this matter. Defendants Mitchell Brown and Kevin Morley are First Boston employees working in New York. First Boston has identified three New York employees who may be called as witnesses. Goldman, Sachs has also identified two London employees and one New York employee who may be witnesses. Defendants have also noted that non-party witnesses who work in New York will probably be called. It is apparent, therefore, that the great majority of witnesses needed for resolution of the issue in controversy are located in New York or London.[1]

## II.

■ Defendants assert that this case should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a)[2]. This provision vests district courts with substantial discretion to decide transfer motions by weighing various factors to determine "convenience" of parties and witnesses and "the interest of justice." The weight given to these factors should be commensurate with the degree each impacts the policy behind section 1404(a), that is, to make the trial "easy, expeditious and inexpensive." *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ As an initial matter, plaintiff's choice of forum is entitled to a degree of deference, *Doe v. Connors,* 796 F.Supp. 214, 221 (W.D.Va.1992), especially when, as in this case, it chooses to file suit in the district and division in which it resides. *Koster v. Lumbermen's Mut. Cas. Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). It is defendants' burden to disturb the plaintiff's choice of forum by showing that "the balance of equities is in their favor [and] that judicial

---

1. Although not as significant to resolution of this motion, the Court notes that all of the documentation relating to the preparation of the Private Placement Memorandum and Ratners' corporate records are also located in New York and London.

2. Section 1404(a) provides that: For the convenience of parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division in which it might have been brought.

economy and convenience to all parties favor suit in another forum." *Eldridge v. Bouchard,* 620 F.Supp. 678, 684 (W.D.Va.1985).

■ However, the deference given to plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action. *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va.1988). In the instant case, there is no nexus between this District and plaintiff's underlying claim. Although plaintiff's home is in the Big Stone Gap division, the cause of action arose in New York and London, not Virginia. The District's connection with the cause of action is limited to the telephone and mail contacts of plaintiff's representatives with the defendants in New York. In sum, while some deference is due plaintiff's choice of its home forum, the District's lack of significant contact with its claim makes this factor neither dispositive nor conclusive.

The factor of convenience of the parties should not be overstated. Where, as here, plaintiffs have filed in their home District, transfer to defendants' home District will usually only "shift the balance of inconvenience" from defendant to plaintiff. However, the convenience of witnesses is often dispositive in transfer decisions. All of defendants' witnesses will come from New York or London. Plaintiff has only identified two witnesses in Virginia, and these are in Charlottesville, which is nearly as convenient to New York via direct flight than it is over land to Big Stone Gap. Therefore, the convenience factor weighs in favor of transfer to New York.

The "interests of justice" factor is purposefully broad. Defendants identify several non-party witnesses located in New York who are beyond the subpoena power of this Court. Before a jury, their live testimony in this rather complex securities case is to be preferred over a reading of their deposition testimony. *Akers v. Norfolk & W. Ry. Co.,* 378 F.2d 78, 79 (4th Cir.1967). This interest of justice favors transfer.

Both sides assert that it would be less expensive to try this case in their preferred venue. The Court finds arguments about cost of transportation, lodging and local counsel to be insubstantial arguments from these wealthy parties. The Court also finds plaintiff's statistics on docket congestion to be inconclusive. Finally, plaintiff's argument that Virginia has a local interest in keeping this fraud trial in-state runs contrary to the federalized nature of its chief claim. While Virginia may maintain an interest in the pendent state law issues, they are clearly collateral to plaintiff's charge of violations of federal securities acts, and there is no reason to suspect that a New York court will have difficulty interpreting Virginia securities law. *See Hall v. Kittay,* 396 F.Supp. 261, 265 (D.Del.1975).

Finally, because nearly all of the discovery in this case is likely to take place in New York or London, it is further in the interest of justice for a New York court to supervise the discovery and adjudicate discovery disputes. *See Steinhardt Partners v. Smith Barney, Harris Upham & Co.,* 716 F.Supp. 93, 95 (S.D.N.Y.1989).

In sum, this case can be tried far more efficiently and economically in New York than in Virginia. New York is more convenient for the majority of the witnesses, and the Court finds that the interests of justice are best served by trial in New York. The Court will therefore grant defendants' motion to transfer venue to the Southern District of New York.

### III.

Although both sides have briefed and argued defendant Goldman, Sachs & Co.'s motion for judgment on the pleadings, the Court believes that this motion should be resolved by the transferee court for reasons of judicial economy. A transferor court should not retain jurisdiction over any aspect of a transferred case, and it would strain the purpose of transferring venue were the disappointed party be forced to appeal this issue to the Fourth Circuit and perhaps come back to Big Stone Gap on remand. The Court will, however, stay all discovery against Goldman, Sachs & Co. pending resolution of this motion by the transferee court. An appropriate order shall issue this day.

ORDER

In accordance with the written memorandum Opinion entered this day, it is hereby

**ADJUDGED AND ORDERED**

(1) that defendants' motion to transfer this case to the United States District Court for the Southern District of New York is **GRANTED.**

(2) that defendant Goldman, Sachs & Co.'s motion for a stay of discovery against it is **GRANTED** pending resolution of its motion for judgment on the pleadings by the transferee Court.

The Clerk is directed to take those steps necessary to effectuate transfer of this case to the United States District Court for the Southern District of New York, and to send certified copies of this Memorandum Opinion and Order to all counsel of record.