### DOW JONES & COMPANY, INC., Plaintiff,

### v.

### BOARD OF TRADE OF the CITY OF CHICAGO, Defendant.

### No. 82 Civ. 2023 (RLC).

United States District Court, S. D. New York.

April 14, 1982.

Patterson, Belknap, Webb & Tyler, New York City, for plaintiff; Robert D. Sack, Thomas C. Morrison, Robert P. LoBue, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant; Robert G. Krupka, James M. Amend, Kirkland & Ellis, Chicago, Ill., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

At a hearing on April 5, 1982, the court granted plaintiff's motion for leave to take expedited discovery and denied defendant's motion to stay this action pending the resolution of a lawsuit involving the same parties now pending in the Circuit Court of Cook County, Illinois, captioned *Board of Trade of the City of Chicago v. Dow Jones and Company, Inc.*, Civil Action No. 82 L 4067. Dow Jones & Company, Inc. ("Dow Jones") was given several days in which to produce papers in opposition to defendant's motion to transfer this action to the United States District Court for the Northern District of Illinois. That motion now is ready for disposition.

On February 20, 1981, the Board of Trade of the City of Chicago (the "Board") filed with the United States Commodity Futures Trading Commission ("CFTC") proposed regulations governing a set of futures contracts to be based on certain unspecified financial indices. In late 1981, the Board approached plaintiff regarding the possible use of the Dow Jones Averages (the "Averages") as the basis for trading in such stock index futures. By a letter dated February 16, 1982, Ray Shaw, president of Dow Jones, confirmed prior oral refusals to permit the use of the Averages as the basis for any trading device and threatened to take legal action to prevent unauthorized use of plaintiff's indices. On March 1, the Board amended its CFTC filing to specify that the Averages would serve as the basis of the new futures contracts. The next day, defendant initiated a declaratory judgment action in the Illinois state courts, seeking a declaration that its proposed futures contracts would not violate any of plaintiff's common law rights. On March 31, the day before its answer was due in the state court litigation, Dow Jones filed the instant lawsuit and moved to dismiss the Illinois action. This federal declaratory judgment action differs from the previously filed state case insofar as it includes a claim for copyright infringement.

In requesting a transfer pursuant to 28 U.S.C. § 1404(a), the Board cites the convenience of the parties and witnesses and the interests of justice. Not unexpectedly, Dow Jones discusses the same concepts and reaches different conclusions as to their application to the present controversy.

As for the convenience issues, both parties suffer, understandably, from tunnel vision. Listing six individuals, the Board demonstrates that all persons involved in the conception, design, development and implementation of the proposed trading instruments live and/or work in the Northern

District of Illinois. These people, and the Board itself, would be inconvenienced by being required to attend legal proceedings in New York. Furthermore, voluminous documents relating to the proposed futures contracts are located in Chicago and would have to be transported, at great expense, to New York in the course of this litigation. For its part, Dow Jones identifies various persons concerned with the compilation and dissemination of the Averages, all of whom live and work in this district and the absence of whom would disrupt the operations of Dow Jones and its publication, the Wall Street Journal. Plaintiff echoes defendant's claim that document production in a foreign forum would be overly burdensome.

This comparison of inconveniences is not as balanced as it appears on the surface. Rather, the burdens of litigation away from its home base weigh more heavily on Dow Jones because its prospective witnesses are more crucial to a proper resolution of this case. This copyright and property rights action will turn on evidence of the uniqueness of plaintiff's possession, the manner in which it is licensed for use by others and the harm it would suffer at the hands of defendant's proposed scheme. Once it is established that defendant's futures contracts are based explicitly on the Averages, it is less important to discover how they were developed. Of course, the Board may wish to offer evidence concerning the planning of its proposed futures to refute the essential elements of plaintiff's claims. Dow Jones' proof, lying as it does at the core of the lawsuit, merely acts as a multiplier which increases its inconveniences enough to outweigh those established by the Board.

■ Even if each party's prospective inconvenience was equal, defendant's motion would have to be denied. The burden is on the moving party to establish that there should be a change of forum. *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Brierwood Shoe Corporation v. Sears, Roebuck And Co.*, 479 F.Supp. 563, 565 (S.D.N.Y.

1979) (Brieant, J.); *Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978) (Carter, J.) ("Transfer will not be granted '[a]bsent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court.' "). Neither the location of witnesses and physical evidence, nor the competing jurisdictions' relative contacts with the issues raised help defendant satisfy this burden.

Defendant attempts to shift the balance with the conclusory statement that the substantive law of Illinois will govern the common law counts raised in the complaint and, thus, that a federal court in Illinois can handle more efficiently disputes arising out of those claims. There is no substantial indication at this early stage of both lawsuits that Illinois law will govern. Moreover, the federal copyright cause of action appears to be the heart of the instant lawsuit. Furthermore, especially when there is no contention that complex questions of foreign law are involved, "[t]he fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer." *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 760 (S.D.N.Y.1980) (Ward, J.).

The Board argues that the case can be tried most expeditiously and inexpensively in the Northern District of Illinois. This contention is premised, however, solely on the expenses to be borne by defendant and the prospective disruption of its business. The transfer statute does not condone such one-sided consideration of relevant factors. While evidence that docket backlogs in this district are greater than those confronting the proposed transferee district might indicate that transfer would result in a speedier resolution of the litigation, *Brierwood Shoe Corporation, supra* at 567, the only evidence presented in the papers shows that, in 1981, on the average the time span between initiation and trial of a civil case was five months less in this district than in the Northern District of Illinois. In any event, docket congestion is not considered a dispos-

itive factor in this court. *DCA Food Industries Inc. v. Hawthorn Mellody, Inc.*, 470 F.Supp. 574, 586 (S.D.N.Y.1979) (Tenney, J.).

The existence of prior Illinois state court litigation is deemed by the Board the most significant factor demanding transfer. Defendant argues that the court should not sanction what it labels egregious forum shopping by Dow Jones. If plaintiff wished a federal forum in which to litigate its copyright claim, the Board asserts, it should have removed the existing state court action.

■ The pendency of related lawsuits in other federal district courts is germane to the transfer question. *Star Lines, Ltd., supra* at 1208; *Farbenfabriken Bayer A. G. v. National Distillers and Chemical Corporation*, 324 F.Supp. 156, 158–9 (S.D.N.Y.1971) (Weinfeld, J.). A previously filed federal lawsuit is given priority unless reasons exist to proceed with the latter action. *Factors Etc., Inc., supra* at 218. The second case may be maintained where a prior declaratory judgment action, triggered by a notice letter, evidences a race to the courthouse, *id.* at 219, or where the first filed action has not reached a more advanced stage than its counterpart. *Brierwood Shoe Corporation, supra* at 568. While both exceptions to the general rule of deference apply in the instant case, a more fundamental reason for denying the motion to transfer is that other litigation is relevant "only where *federal civil cases* are pending in the transferee district as the rationale behind such transfers is to permit the consolidation of the related matters before one court." *Hammond Corporation v. General Electric Credit Corporation*, 374 F.Supp. 1356, 1360 (N.D. Ill.1974) (emphasis in original).

■ Neither the balance of convenience nor the equities of the situation support transferring this action. Therefore, defendant's motion is denied.

IT IS SO ORDERED.