**STEINBERG & LYMAN, Plaintiff,**

**v.**

**Frank A. TAKACS, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren, Peter Coniglio, Geoffrey Ogbourn, Terry Lin Solomon, Joseph Bierman and Delaplaine McDanile, Defendants.**

**No. 87 Civ. 4716 (DNE).**

United States District Court, S.D. New York.

July 25, 1988.

Bachner, Tally, Polevoy, Misher & Brinberg, New York City (Roger R. Crane, Jr., Mark S. Lafayette, Evan T. Gerstmann, of counsel) for plaintiff.

Mendes & Mount, New York City (Mary Ann D'Amato, Joseph C. Savino, of counsel), Crist & Dusenbury, Carmel, Cal., for defendants Frank A. Tackacs, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren, and Peter Coniglio.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Defendants Frank A. Takacs, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren, Peter Coniglio have moved this court for an order dismissing plaintiff's complaint on the grounds that: (1) this court lacks personal jurisdiction, Fed.R.Civ.P. 12(b)(2); and (2) there are indispensable parties that cannot be joined in this litigation, Fed.R.Civ.P. 19(b). The alternative, movants seek an order transferring this action to the Northern District of

California on the grounds that: (1) venue is improper in this district order pursuant to 28 U.S.C. § 1391; and (2) the Northern District of California is a more convenient forum for this litigation, pursuant to 28 U.S.C. § 1404.

## BACKGROUND

Plaintiff, Steinberg & Lyman ("Steinberg"), is a partnership organized under the laws of the State of Delaware with its principal place of business in New York. Steinberg buys and sells securities for itself and for customers. Defendants Frank A. Takacs, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren, Peter Coniglio are all California residents.[1]

Plaintiff filed the instant action on July 1, 1987 alleging violations of the federal securities laws, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), New York's General Business Law, and common law fraud. According to the complaint, between June 19, 1987 and June 23, 1987, the defendants placed telephone orders with Steinberg for common stock of Corporate Capital Resources ("CCR") and shortly thereafter defendants refused to pay for the stock after its price had declined.

Movants maintain that each of them sought advice from and opened accounts with First Affiliated Securities ("FAS"), a California entity. The movants indicate that they dealt with agents of FAS, Akiva Bar ("Bar") and William Morgan ("Morgan"). On July 10, 1987, the moving defendants filed two actions in California state court against, *inter alia,* FAS, Morgan, and Bar essentially claiming that FAS, through Morgan and Bar, executed unauthorized trades in CCR stock on movants' behalf.

The movants seek, *inter alia,* an order dismissing the instant action on the grounds that (1) this court has no jurisdiction over them because (a) New York's long-arm statute, N.Y.Civ.Prac.L. & R. 302 has not been satisfied, and (b) the defendants do not have sufficient contacts with New York to satisfy due process; (2) pursuant to Fed.R.Civ.P. 19(b), Bar and Morgan are indispensable parties over whom this court lacks personal jurisdiction. Alternatively, movants seek an order, pursuant to 28 U.S.C. § 1404, transferring this action to the United States District Court for the Northern District of California, on the ground that it is a more convenient forum than the Southern District of New York.

## A. PERSONAL JURISDICTION

It has long been the rule in this circuit that Section 27 of the Securities Exchange Act of 1934, *see* 15 U.S.C. § 78aa, which provides for nationwide service of process, confers personal jurisdiction over defendants served within the United States. *See Mariash v. Morrill,* 496 F.2d 1138, 1142–43 (2d Cir.1974). The defendants, however, contend that the Supreme Court has cast doubt on the reasoning of *Mariash* by holding that personal jurisdiction is required by the due process clauses of the fifth and fourteenth amendments rather than Article III of the constitution. *See Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). The defendants thus conclude that the personal jurisdiction inquiry should focus exclusively on fairness and convenience and eschew considerations of sovereignty.

The argument that *Bauxites* has worked a fundamental change in the law of personal jurisdiction has not been accepted in this circuit. The Second Circuit has not overruled *Mariash* in light of *Bauxites.* District courts interpreting Section 27 since *Bauxites* have followed *Mariash. See First Fed. Sav. & Loan v. Oppenheim, Appel, Dixon,* 634 F.Supp. 1341, 1349 (S.D. N.Y.1986); *Merrill Lynch Pierce, Fenner & Smith, Inc. v. Rajcher,* 609 F.Supp. 291, 293 (S.D.N.Y.1985); *Colavito v. Hockmeyer Equipment Corp.,* 605 F.Supp. 1482, 1485 (S.D.N.Y.1985). Further, in a well-

---

**1.** Of the remaining defendants, who have not joined in the instant motion, Geoffrey Ogbourn and Delaplaine McDanile appear to be California residents and Joseph Bierman and Terry Lin Solomon appear to be residents of Utah.

reasoned opinion, Judge Lasker of the Southern District of New York has rejected an argument similar to that advanced by defendants in this case. *See First Federal, supra,* 634 F.Supp. 1349. Absent clear Second Circuit precedent overturning *Mariash,* this court finds nothing in *Bauxites* that would warrant a departure from the current law of this circuit. Accordingly, defendants' motion to dismiss the complaint for lack of personal jurisdiction is denied.[2]

## B. INDISPENSABLE PARTIES

■ Federal Rule of Civil Procedure 19(a) defines a party necessary for the just adjudication of claims alleged. Rule 19(b) provides factors for a court to consider in deciding whether, if such a party cannot be joined because of lack of jurisdiction, the case must be dismissed because the non-joined parties are indispensable. The movants contend that this case should be dismissed because Bar and Morgan are indispensable parties under Rule 19(a) and (b) who cannot be joined because the court lacks personal jurisdiction.

Without deciding whether Bar and Morgan are necessary parties, for the reasons stated in Part A of this memorandum, the court finds that, under the nationwide service of process provisions of § 27 of the Securities Exchange Act of 1934, Bar and Morgan could be joined in this lawsuit. Accordingly, dismissal under Rule 19 would in any event be inappropriate.

## C. TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404

■ The decision whether to grant a transfer of venue lies in the court's discretion. *See Eichenholtz v. Brennan,* 677 F.Supp. 198, 199 n. 3 (1988). The moving party has the burden of establishing that a transfer of venue is appropriate under Section 1404. *See Richardson Greenshields Securities, Inc. v. Metz,* 566 F.Supp. 131 (S.D.N.Y.1983). Moreover, the plaintiff's choice of forum is entitled to considerable deference. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ Defendants assert that a transfer of venue is appropriate because (1) the majority of witnesses and documents are located in California; (2) this court's subpoena power pursuant to Fed.R.Civ.P. 45(e) (1) would not extend to essential non-party witnesses in California; (3) the maintenance of separate actions in New York and California would lead to the possibility of inconsistent determinations; (4) California law governs this action; (5) this court's docket is more congested than the Northern District of California.

The California witnesses to which movants refer are primarily the moving defendants and their families. Further, movants contend that their personal records and the records of FAS, all located in California, will be necessary to the litigation. While it appears clear that California would be a more convenient forum to the movants, it is equally evident that New York is more convenient to the plaintiff. Further, the movants fail to note that several of the defendants who have not joined this motion do not reside in California and would, therefore, have to travel whether the forum is New York or California.

The nonparty witnesses defendants claim are outside the court's subpoena power are Bar and Morgan. The movants have argued that Bar and Morgan are necessary parties to this litigation. *See supra* Part B. Although the court does not address the question of their necessity, the court has decided that this court has jurisdiction over both Bar and Morgan and therefore they could be joined in this litigation as defendants or third-party defendants. Thus, the contention that these two individuals are outside the court's subpoena pow-

---

**2.** The complaint alleges both state and federal claims that arise out of a "common nucleus of operative fact." *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In view of the finding that the court has personal jurisdiction over plaintiff's federal claims, the court exercises its discretion to exercise pendent jurisdiction over the state law claims as well. *See id.* Accordingly, there is no need to address defendants' objections to New York long-arm jurisdiction.

er is disingenuous because the movants have it within their power to make Bar and Morgan parties to this litigation and available to testify in court.

██ The movants also raise the specter of inconsistent determinations on the merits in California and New York. While this is a possibility if the two actions are maintained simultaneously, this possibility alone will not justify transfer under § 1404. Further, the possibility of inconsistent determinations was caused, at least in part, by the movants themselves. The instant action was filed on July 1, 1987 and the California suits were filed on July 10, 1988. Thus, if defendants wanted all of their claims litigated in one forum they could have raised their California claims as cross-claims in this action.

Movants also contend that California law will govern this case. First, *federal* securities law claims underlie this action, with respect to which the California court has no more or less expertise than this court. Further, the individual claims involve debts allegedly arising out of telephone orders placed in New York by each of the defendants. Although California may be the primary situs of the allegations in the California actions, that does not affect the determination of where the claims brought in this court should be litigated.

Finally, movants contend that this court's docket is more congested than that of the Northern District of California based on the median time between joinder of issue and trial in the two districts. The median time to trial in this district is 22 months; the median time in the Northern District of California is 20 months. *See Annual Report of the Director of the Administrative Office of the United States Courts*, Table C–5, at 213–16 (1987). The difference is approximately 5%, which is not so significant as to warrant a transfer of venue. Further, it appears that the docket congestion in the Northern District of California is worsening. For instance, in the past year there has been a 78.3% increase in the number of cases pending more than three years, whereas there was only a 6.1% increase in this district. *See id.*

at Table S–12, at 116–17. In sum, the dockets in this court and the proposed transferee forum are in a substantially similar situation, which does not warrant a transfer of venue.

In sum, none of the factors cited by the movants favors a transfer to the Northern District of California. Essentially defendants have lost the proverbial race to the courthouse and have failed to satisfy their burden to demonstrate that there exists a *more* convenient forum than this court. Accordingly, the motion to transfer is denied.

## D.  IMPROPER VENUE

28 U.S.C. § 1391(b) provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, *except as otherwise provided by law.*" Section 27 of the Securities Exchange Act has a venue provision that, pursuant to § 1391, governs this case. Section 27 provides venue either (1) "in the district wherein the defendant is found or is an inhabitant or transacts business," or (2) "in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. The movants contend that venue is improper in New York because the alleged fraudulent conspiracy was based in California.

██ It is clear in this circuit that "any non-trivial act in the forum district which helps to accomplish a securities law violation is sufficient to establish venue." *First Federal, supra*, 634 F.Supp. at 1350; *see Mariash, supra*, 496 F.2d at 1143; *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1347 (2d Cir.), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974); *Hooper v. Mountain States Sec. Corp.*, 282 F.2d 195, 203–04 (5th Cir.1960), *cert. denied*, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961). It is clear that a phone call made to the district in furtherance of a conspiracy to violate the securities laws is sufficient to support venue in that district. *See Hooper, supra*, 282 F.2d at 203–04. Each of the defendants in this case alleg-

edly placed orders in this district by telephone. Accordingly, venue is proper in the Southern District of New York under the broad venue provisions of § 27, as construed by the courts in this district.

## CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are denied. The motion to transfer venue pursuant to 28 U.S.C. § 1404 is also denied.

SO ORDERED.