**STEINHARDT PARTNERS, Institutional Partners, L.P., S.P. Investors International, Inc., and Gamcan, Ltd., Plaintiffs,**

v.

**SMITH BARNEY, HARRIS UPHAM & CO., INC., Deloitte Haskins & Sells, Donald D. Kingsborough, Angelo M. Pezzani, John B. Howenstine, Barry H. Margolis, and Richard B. Stein, Defendants.**

No. 88 Civ. 3990 (RPP).

United States District Court, S.D. New York.

Jan. 31, 1989.

Erskine D. Henderson, Skadden, Arps, Slate, Meagher & Flom, New York City, and Bruce G. Vanyo and Daniel J. Bergeson, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, Cal., for defendants Kingsborough, Pezzani and Stein.

J. Clifford Gunter II and Gayle Boone, Bracewell & Patterson, Houston, Tex., for defendant Howenstine.

Robin C. Gibbs and Jeffrey Alexander, Gibbs & Ratliff, Houston, Tex., for defendant Margolis.

William F. Alderman and Lawrence E. Fenster, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant Smith Barney, Harris Upham & Co., Inc.

Philip R. Rotner, Richard North Patterson and Brenda G. Woodson, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant Deloitte Haskins & Sells.

Steven E. Greenbaum and Robert J. Feinstein, Berlack, Israels & Liberman, New York City, for plaintiffs.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for federal securities law violations and common law fraud and deceit arising out the collapse of Worlds of Wonder, Inc. ("WOW"), a toy maker. The defendants have moved to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a), or in the alternative, to dismiss under Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion to transfer is granted.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ In considering a motion to transfer "the plaintiff's choice of forum must be given substantial weight unless the balance of convenience and the interest of justice weigh heavily in favor of the defendant." *Prudential Ins. Co. v. BMC Indus., Inc.,* 626 F.Supp. 652, 654 (S.D.N.Y.1985). The Second Circuit recently reaffirmed, however, that the "determination whether to grant a change of venue requires a balancing of conveniences, [and that] is left to the sound discretion of the district court." *Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513 (2nd Cir.1989). *See generally Savin v. CSX Corp.,* 657 F.Supp. 1210, 1213 (S.D.N.Y.1987) ("a court must weigh '(1) the convenience of the parties and witnesses (and the availability of process to compel attendance of unwilling witnesses); (2) the relative ease of access to sources of proof, and other practical problems that make trial of a case easy, expeditious, and inexpensive;

and (3) the interests of justice' "); *Berg v. First American Bankshares, Inc.*, 576 F.Supp. 1239, 1241 (S.D.N.Y.1983) (Pollack, J.).

 Steinhardt Partners is a New York limited partnership with its principal place of business in New York. Institutional Partners and S.P. Investors, two of the other plaintiffs, have their places of business in New York as well. Defendant Smith Barney is headquartered in New York, but the Smith Barney employees assigned to the WOW offering did most of their work in California. Three of the five individual defendants live in California and two live in Houston; all swear by affidavit that appearing in New York would be burdensome. Even though defendant Deloitte Haskins & Sells has an office in New York, virtually all of its WOW audit team lives in California. Worlds of Wonder, the source of these troubles, is based in California. The defendants contend that most (i.e., twenty-two of twenty-eight) of the witnesses called—lawyers, accountants, WOW executives—will be California residents. The plaintiffs argue that Smith Barney's lawyers will be the principal witnesses concerning their due diligence investigations. Although Smith Barney dealt with its law firm's New York office, however, all but one of the due diligence lawyers actually live in California and work in the main, San Francisco office. In a case such as this, the depositions of the plaintiffs will probably be limited, while the depositions of the defendants will be much more extensive. In sum, the balance of the parties' and witnesses' conveniences here points more towards California.

The defendants state unequivocally, by affidavit, that all their documentary evidence is located in California. The plaintiffs say that their own evidence is located in New York, that they would be willing to travel to California to copy the defendants' documents for a New York trial, and that in any event the documents could easily be copied by anyone and sent to New York. In this sort of litigation documentary requests are generally succeeded, seriatim, by further documentary requests, and the duplication of documents is less of a burden than their inspection. *See Prudential Ins. Co., supra,* 626 F.Supp. at 654.

Under these circumstances, however, "the interest of justice" requires this Court to place great weight on the fact that a related class action is pending in the Northern District of California. The plaintiffs argue that because the California action is in its infancy, Judge Conti is no more familiar with the case than this Court. At oral argument they also expressed their fear of being swallowed up by the related class action discovery. The defendants emphasize the similarity of the pending actions; according to their affidavit, the California and New York complaints are virtually identical. In fact, the plaintiffs conceded at oral argument that the claims asserted in this action are contained within the California complaint. Moreover, California law applies to the state law claims in both cases. Whether or not this and the California case would be consolidated, therefore, transfer would strongly serve the interest of justice.[1] If this matter is transferred, for example, motions to compel discovery—which recur often enough in this type of litigation—are less likely. As Judge Leval wrote in *SEC v. Captain Crab, Inc.*, 655 F.Supp. 615, 618 (S.D.N.Y.1986), "[p]olicy considerations favoring the litigation of related claims in one forum are the consolidation of pretrial discovery, the minimization

---

**1.** The plaintiffs rely heavily on three decisions to buttress their argument that this Court should ignore the related California action in its § 1404(a) calculus. *See First City Fed. Sav. Bank v. Spitz,* No. 87 Civ. 7688 (TPG), 1988 WL 108464 (S.D.N.Y. Oct. 3, 1988); *National Union Fire Ins. Co. v. Hawk,* No. 87 Civ. 5084, 1988 WL 103356 (LLS) (S.D.N.Y. Sept. 21, 1988); *Steinberg & Lyman v. Takacs,* 690 F.Supp. 263 (DNE) (S.D.N.Y.1988). Those decisions are inapposite. In each of them, the moving parties, defendants in the actions in the transferor forum, were *plaintiffs* in the actions in the *transferee* forum. The moving defendants here are also the defendants in California. Although the movants in *Takacs,* for example, had "raised the specter of inconsistent determinations," their choosing the situs of their concurrent suit made them at least partly responsible, since they could have litigated all the issues in one forum by raising counterclaims. Here, the defendants had no say in the choice of forum in either action.

of time and expense for parties and witnesses, and the reduction of inconsistent results." *See also Berg, supra,* 576 F.Supp. at 1243 ("Pendency of such ['intimately related cases'] in the transferee forum weighs heavily in favor of transfer, ... because 'litigation of related claims in the same tribunal ... facilitates efficient, economical, and expeditious pre-trial proceedings and discovery' "); *Air Express Int'l Corp. v. Consolidated Freightways, Inc.,* 586 F.Supp. 889, 890–91 (D.Conn. 1984). All those considerations are present here in force. The defendants have shown that transfer to the Northern District of California is appropriate.

SO ORDERED.