**Peter Charles FORMICA, Plaintiff–Appellant,**

v.

**MALONE & ASSOCIATES, INC., Robert Malone and Theodore Spires, Defendants–Appellees.**

No. 1366, Docket 90–7127.

United States Court of Appeals, Second Circuit.

Argued May 30, 1990.

Decided July 18, 1990.

Charles A. Hickmann, Huntington, N.Y., for plaintiff-appellant.

David H. Wollins, Denver, Colo. (Michael J. Boryla, Brenman Raskin Friedlob & Tenenbaum, P.C., Denver, Colo., of counsel), for defendants-appellees.

Before LUMBARD, KEARSE, and MINER, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant Peter Charles Formica appeals from an order entered in the United States District Court for the Eastern District of New York (Wexler, J.) on January 16, 1990, denying his petition to compel arbitration before the American Arbitration Association ("AAA") of claims arising from his "New Account Agreement" with defendant-appellee Malone & Associates, Inc. (hereafter "Malone"), a broker/dealer. The court ordered Formica to withdraw his pending arbitration before the AAA with prejudice and to assert his claims in an arbitration proceeding commenced by Malone before the National Association of Securities Dealers ("NASD").

At issue in this case is the meaning of the phrase "arbitration facility provided by the American Stock Exchange" in the parties' agreement. Formica contends that this phrase, when read in conjunction with the American Stock Exchange ("AMEX") constitution provision allowing a customer to elect arbitration before the AAA, authorizes him to arbitrate before the AAA. We hold that the phrase "arbitration facility provided by the American Stock Exchange" is ambiguous and therefore requires an examination of the intent of the parties. We therefore vacate the order and remand for proceedings consistent with this opinion. We also deny Malone's motion to dismiss this appeal and to impose appellate sanctions.

## BACKGROUND

Formica entered into a "New Account Agreement" with Malone & Associates, a member of the AMEX with its principal place of business in Denver, Colorado, in order to trade in securities. The agreement contained the following arbitration clause:

Any arbitration under this agreement shall be in compliance with the Federal Arbitration Act. [Formica] may elect whether arbitration shall be on the New York Stock Exchange, Inc., or arbitration facility provided by the American Stock Exchange, Inc. or the National Association of Securities Dealers, Inc., but if [he] fail[s] to make such election ... then [Malone] may make such election.

When a dispute arose concerning the account, Formica filed a demand for arbitration with the AAA in New York City. Malone (with its employees, defendants-appellees Robert Malone and Theodore Spires) responded by filing with the AAA a motion to dismiss Formica's arbitration for lack of subject matter jurisdiction. After the AAA denied the motion to dismiss, Malone commenced an arbitration proceeding with the NASD and sought a stay of the AAA arbitration in a Colorado state court action. Formica then petitioned the United States District Court for the Eastern District of New York to compel arbitration before the

AAA. It appears that there were no further proceedings in the Colorado action. Following a hearing on an order to show cause, the district court denied Formica's petition, ordered him to withdraw his AAA arbitration with prejudice, and directed him to pursue any claims he may have against Malone in the pending NASD arbitration. The district court also ordered Malone to withdraw the Colorado action as moot.

Formica appeals, pursuant to Pub.L. No. 100–702, Title X, § 1019(a), 102 Stat. 4642, 4670, 4671 (1988) (codified at 9 U.S.C. § 15(a)(1)(B)), from the denial of his petition to compel arbitration pursuant to section 4 of the Federal Arbitration Act, contending that the account agreement provided for arbitration with the AAA because the provision allowing him to elect an "arbitration facility provided by the American Stock Exchange" incorporated the so-called "AMEX Window" provision in the AMEX constitution. According to that provision, " 'the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the arbitration procedure of the Exchange.' " *PaineWebber, Inc. v. Rutherford,* 903 F.2d 106, 108 (2d Cir.1990) (quoting the AMEX constitution, art. VIII, § 2(c)).

## DISCUSSION

When interpreting the terms of agreements between broker/dealers and their customers, "[o]ur task is to enforce the intent of the parties regarding arbitration absent a showing of some circumstance that would provide grounds for revocation of the customer agreement." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Georgiadis,* 903 F.2d 109, 112 (2d Cir.1990). The parties' intent is ascertained by applying principles of contract law, beginning with the plain language of the agreement. *Id.*

Formica contends that the provision permitting him to elect the use of an arbitration facility provided by the AMEX confers upon him the right to open the AMEX Window. He asserts that the district court erred by ignoring a New York State court decision that permitted a securities customer to elect arbitration before the AAA under the rules of the AMEX. *See Cowen & Co. v. Anderson,* No. 1708/89, N.Y.L.J., Apr. 4, 1989, at 22, col. 4 (N.Y.Sup.Ct.N.Y.Co. Mar. 28, 1989), *aff'd mem.,* 155 A.D.2d 243, 546 N.Y.S.2d 621 (1st Dep't 1989), *aff'd,* 76 N.Y.2d 318, 559 N.Y.S.2d 225, 558 N.E.2d 27 (1990). However, the agreement in *Cowen & Co.* provided for "arbitration in accordance with the rules" of the AMEX, *id.,* while Formica's agreement called for arbitration before an "arbitration facility provided by" the AMEX. We cannot look for guidance to a state court's interpretation of a different agreement, but must enforce the arbitration agreement before us in accordance with the intent of the parties. *See Merrill Lynch,* 903 F.2d at 113.

In *PaineWebber* and *Merrill Lynch,* we upheld enforcement of agreements that provided for arbitration exclusively before designated self-regulating organizations or in specified venues, holding in each case that the parties unambiguously closed the AMEX Window by contract. *PaineWebber,* 903 F.2d at 108; *Merrill Lynch,* 903 F.2d at 111. In this case, the "facility provided by the American Stock Exchange" clause in Formica's agreement is ambiguous. The parties may have intended that the clause refer to the AMEX constitution and its AMEX Window to define the arbitration facility provided by the exchange, thus allowing arbitration before the AAA, or arbitration before some arbitral body within the AMEX, or both. It is not clear that the clause is meant to be as restrictive as the AMEX Window provision, which allows AAA arbitration *unless* there is an agreement "to submit only to the arbitration procedure of the [e]xchange." The word "facility" in the clause is not a technical term and is defined generally as an aid, advantage or convenience, or something that is built for a particular function. 35 C.J.S. *Facility* 488 (1960 & Supp.1989). Because that definition is not sufficient to establish the proper arbitral forum to be provided by the exchange, the intended meaning of the term must be examined.

Malone's account agreement with Formica differs from others we have examined in

its use of the clause "facility provided by" the AMEX. It differs from the agreement interpreted in *Merrill Lynch*, 903 F.2d at 111 (emphasis in original), which provided for "arbitration *only before* the National Association of Securities Dealers, ... or the New York Stock Exchange, or an Exchange located in the United States"; in *PaineWebber*, 903 F.2d at 107, which provided for arbitration "in accordance with the rules" of the Arbitration Committee of the New York Stock Exchange ("NYSE"), the AMEX, or other named self-regulating organizations; and in *Cowen & Co.*, N.Y. L.J., Apr. 4, 1989, at 22, col. 4, which specifically referred to the rules of the AMEX (including the AMEX Window). Unlike *PaineWebber*, 903 F.2d at 107, the account agreement here permits election of arbitration "on" an undefined "arbitration facility provided by" the AMEX. The agreement also differs from contested arbitration clauses in cases involving other account agreements because those clauses referred to the rules of the respective exchanges which were to provide the arbitration facility. *See, e.g., Paulson v. Dean Witter Reynolds*, 905 F.2d 1251 (9th Cir.1990) (arbitration "in accordance with the rules of" named self-regulating organizations "or any other arbitration facility provided by any other exchange"); *Howell v. William C. Roney & Co.*, 701 F.Supp. 168, 169–70 (N.D.Ind.1988) (arbitration before "arbitration facility provided by any other exchange ... and in accordance with its rules then obtaining"); *see also McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 19 (2d Cir.1990) (arbitration under rules of the NASD or Boards of Directors of either the NYSE or the AMEX). Formica's agreement with Malone omitted reference to the exchange's rules, thus clouding where Formica could have commenced his arbitration.

The record and the parties' submissions are insufficient for us to deduce their intention concerning the arbitral facility to be provided by the AMEX. The finding of that intention is best made in the first instance by the district court. *See Pullman–Standard v. Swint*, 456 U.S. 273, 291–92, 102 S.Ct. 1781, 1791–92, 72 L.Ed.2d

66 (1982) (quoting *DeMarco v. United States*, 415 U.S. 449, 450 n. *, 94 S.Ct. 1185, 1186 n. *, 39 L.Ed.2d 501 (1974) (per curiam)). On remand, the district court should determine what the parties meant by the clause "arbitration facility provided by the American Stock Exchange" and whether that clause includes the AMEX Window and therefore the AAA. We therefore vacate the district court's order and remand this case for proceedings consistent with this opinion.

Since we reach the merits of Formica's appeal and do not find his appeal to be frivolous, *see* Fed.R.App.P. 38, we deny Malone's motion to dismiss the appeal and to impose appellate sanctions.

### CONCLUSION

The order of the district court is vacated and the case is remanded for proceedings consistent with this opinion. Malone's motion to dismiss this appeal and to impose appellate sanctions are denied.