STEINBERG & LYMAN, Plaintiff,

v.

Frank TAKACS, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren, Peter Cogniglio, Geoffrey Ogburn, Terry Lin Solomon, Joseph Bierman, Delaplaine McDanile, First Affiliated Securities, Inc., William Morgan and Akiva Bar, Defendants.

No. 87 Civ. 4716 (DNE).

United States District Court,
S.D. New York.

Oct. 16, 1991.

Bachner, Tally, Polevoy & Misher, New York City (Roger R. Crane, Jr., of counsel), for plaintiff.

Graham & James, New York City (Paul E. Summit, of counsel), for defendants Arim Production Corp., formerly named First Affiliated Securities, Inc. and William Morgan.

Mendes & Mount, New York City, Mary Ann D'Amato and Robert Mangino (Crist & Dusenbury, Douglas K. Dusenbury, Carmel, Cal., of counsel), for defendants Frank Takacs, Anthony Palma, Sal Palma, Gary Palma, Anthony Davi, Charles Beren and Peter Cogniglio.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Steinberg & Lyman ("S & L") is a Delaware partnership with its principal place of business in New York that is engaged in the business of buying and selling securities for itself and customers. The defendants Takacs, Anthony, Sal and Gary Palma, Davi, Beren, Cogniglio, Ogburn, McDanile, Morgan and Bar are residents of California; defendants Solomon and Bierman appear to be residents of Utah.[1] Defendant First Affiliated Securities, Inc. ("FAS")[2] is a California corporation with its principal place of business in California. Bar was employed in FAS' Carmel office and Morgan was the principal of the Carmel office as well as Bar's manager and supervisor.

S & L has brought suit under sections 9 and 10(b) of the Securities Exchange Act and Securities Exchange Commission Rule

---

1. This opinion refers to these defendants, with the exception of Bar, as the "purchasing defendants."

2. FAS has changed its name to Arim Production Corporation.

10b–5,[3] sections 1962(a) and (c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), New York General Business Law section 352(c), and has also asserted claims for common law breach of contract, common law fraud[4], punitive damages and indemnity.

S & L's action involves stock trades executed through S & L involving the common stock of Corporate Capital Resources ("CCR"). The complaint alleges that in June 1987, the purchasing defendants placed telephone orders with S & L for large blocks of CCR stock and then refused to pay for the stock after the stock price declined. S & L further alleges that these defendants placed orders for CCR on the advice of Bar, who told the purchasing defendants that he controlled the market in CCR stock and suggested buying the stock because its price would soon rise dramatically. S & L contends that Bar's activities constitute an illegal attempt to manipulate the market in CCR stock. S & L also asserts that Morgan and FAS, who employed Bar, are vicariously liable for Bar's conduct.

S & L originally filed this action on July 1, 1987 against only the purchasing defendants. These defendants then brought two separate actions in California state courts based on the same facts: the first against FAS, Morgan and Bar and the second against S & L and its employee Vinnie Aquino, who allegedly executed the CCR transactions. The defendants in the first California action removed the case to the United States District Court for the Northern District of California. The California plaintiffs then filed a first amended complaint in federal court against FAS, Morgan, Bar, S & L and Aquino, which effectively consolidated the California suits in federal court.

On December 1, 1987, the purchasing defendants moved to dismiss the New York action or to transfer it to California. This Court denied the motion. *See Steinberg &*

*Lyman v. Takacs*, 690 F.Supp. 263 (S.D.N.Y.1988). The purchasing defendants then asserted counterclaims against S & L and filed a third-party complaint against FAS, Morgan and Bar, which they later discontinued. S & L subsequently filed a second amended complaint that added FAS, Morgan and Bar as defendants.

FAS and Morgan have moved this Court for an order staying proceedings pending arbitration or, in the alternative, dismissing the second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for lack of particularity pursuant to Rule 9(b) and for lack of personal jurisdiction over Morgan under Rule 12(b)(2). S & L has cross moved for summary judgment against FAS and Morgan pursuant to Rule 56 on the eighth and ninth claims of the second amended complaint, which are damages claims based on respondeat superior and controlling person liability. In addition, S & L has filed a separate motion for summary judgment against the purchasing defendants on their first and third through sixth counterclaims and against Sal Palma on the second claim of the second amended complaint.[5]

FAS' and Morgan's motion to stay these proceedings to the extent of their involvement pending arbitration is granted. As a result, this Court need not reach its motion to dismiss. This Court also stays any action on S & L's cross motion for summary judgment because it is also subject to arbitration. S & L's motion for summary judgment on the purchasing defendants' counterclaims and against Sal Palma on the second claim of the second amended complaint is denied.

## DISCUSSION

### I. FAS' and Morgan's Motion to Stay These Proceedings Pending Arbitration

The Federal Arbitration Act provides that:

---

**3.** S & L alleges that Morgan and FAS are liable for Bar's conduct under the federal securities laws on theories of respondeat superior, controlling person liability, negligent supervision and are also liable as aiders and abettors.

**4.** S & L has not asserted its common law fraud claim against FAS, Bar or Morgan.

**5.** This Opinion discusses the counterclaims in section II. S & L rests its second claim on section 9 of the Securities Exchange Act of 1934.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....

9 U.S.C. § 3 (1990). FAS and Morgan assert, and S & L does not contest, that as members of the National Association of Securities Dealers ("NASD"), the parties agreed to submit to arbitration any disputes among members "arising out of or in connection with the business of any member of the Association...." NASD Manual, para. 3701. It is well settled that arbitration agreements between self-regulating professional associations, such as NASD or the New York Stock Exchange, and their members are enforceable. *See Formica v. Malone & Assoc., Inc.*, 907 F.2d 397, 400 (2d Cir.1990). In addition, it is uncontested that the dispute between S & L, on the one hand, and Morgan and FAS on the other falls within the scope of the NASD arbitration agreement because it involves the members' business affairs. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitration should be resolved in favor of arbitration....").

S & L opposes FAS' and Morgan's motion for a stay pending arbitration solely on the grounds that FAS and Morgan waived their right to arbitration by conducting discovery in the California and New York actions. For instance, S & L alleges that FAS and Morgan participated in a dozen depositions. It is true "that the litigation of substantial issues going to the merits may constitute a waiver of arbitration." *Sweater Bee By Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 461 (2d Cir.),

*cert. denied,* 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985).

■ Nevertheless, FAS and Morgan did not waive their right to arbitration. "Given the dominant federal policy favoring arbitration, waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated." *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985). S & L cannot demonstrate such prejudice. For instance, in *Rush*, the court refused to find a waiver of arbitration despite defendant's extensive involvement in the litigation, which included discovery, bringing a motion to dismiss and posing thirteen affirmative defenses without raising the arbitration issue for eight months. *See id.*

In the instant case, FAS' and Morgan's first response, even before answering, was to move to stay the proceedings pending arbitration. As a result, S & L cannot claim prejudice due to any delay by FAS and Morgan in seeking arbitration. The instant action is therefore distinguishable from the situation in *Bengiovi v. Prudential–Bache Securities, Inc.*, [1984–85 Transfer Binder] Fed.Sec.L.Rep. (CCH) para. 92,012, 1985 WL 2143 (D.D.C. Apr. 25, 1985), where the court found a waiver because the defendant had conducted discovery, answered and moved for partial summary judgment without ever moving to compel arbitration. Similarly, S & L seeks to rely on *Weight Watchers, Ltd. v. Weight Watchers International, Inc.*, 398 F.Supp. 1057, 1059 (E.D.N.Y.1975), to show that FAS and Morgan waived their right to arbitration. In *Weight Watchers*, however, as in *Bengiovi*, the defendant moved for summary judgment and did not move to compel arbitration for two years. FAS and Morgan moved immediately to compel arbitration.

In addition, FAS' and Morgan's participation in discovery has generally been limited to responding to S & L's discovery requests. This is not a case where "the party seeking the stay took advantage of judicial discovery procedures not available in arbitration." *Russo v. Simmons*, 723

F.Supp. 220, 223 (S.D.N.Y.1989) (quoting *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968)). Moreover, FAS and Morgan stated on the record that their participation in discovery did not constitute a waiver of any right to arbitration. "This is not an instance where 'a party sensing an adverse court decision [is, in effect, allowed] a second chance in another forum.'" *Rush,* 779 F.2d at 890 (quoting *Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union,* 671 F.2d 38, 43 (1st Cir.), *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982)).

■ Finally, the Federal Arbitration Act compels courts to enforce valid arbitration agreements; the language of section three is mandatory. *See Campeau Corp. v. May Dep't Stores Co.,* 723 F.Supp. 224, 226–27 (S.D.N.Y.1989). Considerations of judicial economy do not justify denying a stay pending arbitration. *See Seguros Banvenez, S.A. v. S/S Oliver Drescher,* 761 F.2d 855, 862 (2d Cir.1985). While S & L asserts that notions of judicial economy favor having this Court try the entire action at one time, rather than sending only two of the defendants to arbitration, such an argument does not withstand the mandate of the Federal Arbitration Act and the rule in this Circuit.

Accordingly, FAS' and Morgan's motion for a stay of this proceeding pending arbitration is granted. FAS and Morgan are directed to proceed immediately to arbitration in the manner specified in the agreement. Given that FAS' and Morgan's motion for a stay is granted, this Court need not consider their motion to dismiss the second amended complaint or S & L's cross-motion for summary judgment against Morgan and FAS. These issues are subject to resolution in the future arbitration proceeding. This Court will retain jurisdiction over FAS and Morgan. In addition, this Order does not stay the proceedings as to defendants other than Morgan and FAS.

*II. S & L's Summary Judgment Motion*

■ S & L has moved for summary judgment on the counterclaims asserted by the purchasing defendants Takacs, A. Palma, S. Palma, G. Palma, Davi, Beren and Cogniglio, and for summary judgment on the second claim of the second amended complaint against Sal Palma. S & L's motion is denied in all respects.

The counterclaimants allege that Bar directed the counterclaimants to open an account with Aquino, who would sell their CCR stock for no commission. They contend that instead of effecting such sales, Aquino bought large blocks of CCR stock on their behalf without authorization or notice. In response to Aquino's conduct, the counterclaimants supposedly notified Aquino and S & L that they did not authorize the purchases and did not intend to pay for the newly purchased securities. The counterclaimants further allege that Aquino and Bar agreed to make these unauthorized purchases of CCR stock in order to manipulate its market price and obtain substantial commissions and profits.

As a result of these activities, the counterclaimants assert that S & L, as Aquino's employer, is liable under the anti-fraud provisions of the Securities Exchange Act and Securities Exchange Commission Rules 10b–5 and 15, as well as under theories of conspiracy, breach of the duties of fair dealing and good faith, misrepresentation and negligence.

"It is well settled that a court should grant a motion for summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir. 1990); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The Supreme Court has stated that courts determine whether an issue is genuine and material for purposes of summary judgment by assessing "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *see also Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) ("court may grant summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

S & L bases its summary judgment motion concerning the counterclaims on the deposition testimony of four of the seven counterclaimants. S & L alleges that these depositions reveal that the counterclaimants have no factual basis for their claims. The counterclaimants respond that the deposition testimony reveals only that the deponents have no basis to reach the legal conclusion that S & L conspired to manipulate the market in CCR stock. In addition, counterclaimants contend that summary judgment is inappropriate until all discovery is complete in the instant action. Counterclaimants further allege that genuine issues of material fact exist concerning whether S & L conspired with Aquino, Bar, FAS and Morgan to manipulate the price of CCR stock. Because this Court finds the existence of genuine issues of material fact concerning the conspiracy, S & L's motion for summary judgment on the counterclaims is denied. S & L's motion for summary judgment against Sal Palma on the second claim of its second amended complaint is also denied because there exist genuine issues of material fact concerning whether Sal Palma knowingly participated in a scheme to manipulate the market in CCR stock.

SO ORDERED.